NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

GUILLERMO GIL,

    Petitioner,

-against-

UNITED STATES OF AMERICA,

    Respondent.
----------------------------------------x

MEMORANDUM AND ORDER
07-CV-3166 (CBA)

AMON, U.S.D.J.

On July 13, 2007, *pro se* petitioner Guillermo Gil filed the instant motion arguing that he should be immediately deported pursuant to 8 U.S.C. § 1252(h)(2)(A). On June 14, 2000, petitioner entered a guilty plea to conspiracy to import heroin and conspiracy to possess with intent to distribute heroin. See USA v. Gil, 00-CR-0021 (CBA). By Summary Order, the United States Court of Appeals for the Second Circuit affirmed petitioner's sentence, but remanded the case to correct technical errors in the judgment. See USA v. Gil, No. 01-1214 (2d Cir. June 11, 2002). An amended judgment was filed on March 27, 2006 wherein which petitioner was sentenced to serve 151 months in prison. For the reasons set forth below, the instant motion is denied.

## DISCUSSION

Under § 1252(h)(2)(A), the decision of whether or not to deport non-violent offenders prior to their completing a prison term "is a matter solely within the discretion of the Attorney

General."[1] Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam). Although section 1252(h)(2)(A) has been re-codified in 8 U.S.C. § 1231(a)(4)(B), courts still apply the Thye holding to claims such as the one petitioner asserts here. See Felix v. United States, 05 Civ. 3925, 2005 WL 2088400, at * 1 (S.D.N.Y. Aug. 29, 2005) (In cases involving alien non-violent offenders, "the decision to remove such an alien prior to the expiration of his prison term 'is a matter solely within the discretion of the Attorney General.'" (quoting Thye, 109 F.3d at 128 (2d Cir.1997))).

Moreover, a prisoner may not attempt a private cause of action seeking to compel the Attorney General to exercise his discretion to deport, 8 U.S.C. § 1231(a)(4)(D), and the courts lack jurisdiction to review the Attorney General's decision as to whether or not deportation is appropriate, 8 U.S.C. § 1252(a)(2)(B)(ii). See Felix 2005 WL 2088400 at *1; see also Duamutef v. INS, 386 F.3d 172, 182 (2d Cir. 2004) ("There is no private right to compel deportation prior to the completion of a sentence of incarceration." (internal quotations omitted)); Macias v. United States, 06 Civ. 14206, 2006 WL 3746724, at *3 (S.D.N.Y. Dec. 20, 2006) ("no private cause of action exists to compel the Attorney General to exercise such discretion.") (citing Thye, 109 F.3d at 127); United States v. Camposano-Baez, 317 F.Supp.2d 487, 488 (S.D.N.Y. 2004) ("Under the plain language of §1231 and the controlling precedent in Thye, [petitioner] may not bring a private action to compel or request the Attorney General to exercise his discretion.").

## CONCLUSION

Accordingly, petitioner's motion seeking immediate deportation is denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken

---

[1] The Attorney General lacks the discretion to deport violent offenders prior to the completion of their prison term. See 8 U.S.C. § 1231(a)(4)(A).

in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/S/
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
August 8 2007